# EXHIBIT 1

20STCV45994
Electronically FILED by Superior Court of California, County of Los Angeles on 12/02/2020 12:19 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DS SERVICES OF AMERICA, INC., a Delaware corporation; and
DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

CARLOS A. SESTI

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*  STANLEY MOSK

CASE NUMBER:
*(Número del Caso):*  20STCV45994

111 NORTH HILL STREET
LOS ANGELES, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Boris Koron, Esq.; 18801 Ventura Boulevard, Suite 208, Tarzana, California 91356; 818-514-1013

Sherri R. Carter Executive Officer / Clerk of Court

DATE:
*(Fecha)*  12/02/2020

Clerk, by
*(Secretaria)*  M. Barel , Deputy
*(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons. (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):* DS SERVICES OF AMERICA, INC

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Scheper

Electronically FILED by Superior Court of California, County of Los Angeles on 12/02/2020 12:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

1  BORIS KORON (SBN 271327)
     E-Mail: bkoron@koronpodolsky.com
2  DANIEL J. PODOLSKY (SBN 272183)
     E-Mail: dpodolsky@koronpodolsky.com
3  **KORON & PODOLSKY, LLP**
   18801 Ventura Boulevard, Suite 208
4  Tarzana, California 91356
   Telephone: (818) 514-1013
5  Facsimile:   (818) 514-1016

6
   Attorneys for Plaintiff
7  CARLOS A. SESTI

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **FOR THE COUNTY OF LOS ANGELES**

10

11  CARLOS A. SESTI,                         )  **CASE NO.  20STCV45994**
                                             )
12              Plaintiff,                   )  **COMPLAINT FOR DAMAGES**
                                             )
13       vs.                                 )  **(1) Age Discrimination in Violation of
                                             )  the FEHA**
14  DS SERVICES OF AMERICA, INC., a          )
    Delaware corporation; and DOES 1 through )  **(2) Failure to Prevent Discrimination
15  50, inclusive,                           )  on the Basis of Age in Violation of the
                                             )  FEHA**
16              Defendants.                  )
                                             )
17                                           )
                                             )
18                                           )  **DEMAND FOR JURY TRIAL**
                                             )
19                                           )

20

21       NOW COMES PLAINTIFF CARLOS A. SESTI ("Plaintiff") and alleges and

22  complains against Defendant DS SERVICES OF AMERICA, INC., a Delaware corporation

23  ("Defendant"), and DOES 1 through 50, inclusive, as follows:

24                              **JURISDICTION**

25       1.      Jurisdiction and venue are proper in this Court because all of the claims

26  alleged herein arose in Los Angeles County and all of the parties were and/or are

27  residents of Los Angeles County or are doing or did business in Los Angeles County at all

28  times relevant herein.

1  2.  The amount in controversy in this matter exceeds the sum of $25,000.00,
2  exclusive of interest and costs.

3  3.  Plaintiff has met all of the jurisdictional requirements by proceeding with his
4  claims under the Fair Employment and Housing Act ("FEHA"), codified at California
5  Government Code, Section 12960, et seq., by timely filing an administrative complaint
6  with the Department of Fair Employment and Housing ("DFEH") and receiving a Notice of
7  Case Closure and Right to Sue letter ("Right to Sue letter"). Plaintiff timely filed
8  administrative charges with the DFEH on August 20, 2020. Plaintiff further received his
9  Right to Sue letter dated August 20, 2020. Attached as **Exhibit "1"** is a true and correct
10  copy of Plaintiff's DFEH administrative charges and Right to Sue letter in connection to
11  the subject matter of this action.

12  **PARTIES**

13  4.  Plaintiff was an employee of Defendant. Plaintiff's employment with
14  Defendant commenced on or about November 15, 1991. Plaintiff was initially employed by
15  Defendant in the position of a Relief Route Sales Representatives, but than later
16  promoted to Route Driver, where he remained until he was terminated because of his age
17  on April 10, 2020. Plaintiff was 66 years of age at time he was unlawfully terminated by
18  Defendant. At all relevant times herein, Plaintiff resided in Chino Hills, California and
19  reported to Defendant's work site located at 4510 Azusa Canyon Road, Irwindale,
20  California 91706.

21  5.  At all times relevant hereto, Defendant is a Delaware corporation, with its
22  principal place of business, and/or engaged as a matter of commercial actuality in
23  purposeful economic activity, within the County of Los Angeles, State of California.

24  6.  The true names or capacities, whether individual, associate, business entity
25  or otherwise, of DOE Defendants 1 through 50, inclusive, are unknown to Plaintiff and,
26  therefore, Plaintiff sues these DOE Defendants by such fictitious names. Plaintiff will seek
27  leave of this Court to amend this Complaint to allege such names and capacities as soon
28  as they are ascertained. Plaintiff is informed and believes and thereon alleges that each of

1   these fictitiously named DOE Defendants are responsible in some manner for the
2   occurrences alleged herein--including any individuals having supervisory authority over
3   Plaintiff--and that Plaintiff's injuries and damages as alleged and set forth herein were
4   proximately caused by such fictitiously named DOE Defendants.

5       7.      Plaintiff is informed and believes, and thereon alleges that, at all times
6   relevant herein, each and every defendant, including the DOE Defendants, acted in
7   concert and in furtherance of each other's interest. The acts of the individually named
8   defendants, as described herein, were known to and ratified by all defendants. The acts
9   and conduct of each and every defendant, as described herein, which were intentional
10  and/or harassing and/or were not a normal part of Plaintiff's employment and were not the
11  result of a legitimate business necessity.

12                      **FACTS COMMON TO ALL CAUSES OF ACTION**

13      8.      On or about November 15, 1991, Plaintiff was hired to work for Defendant as
14  Relief Route Sales Representatives, but than later promoted to Route Driver. As a Route
15  Driver, Complaint's essential job duties included delivering water, installing water coolers,
16  and selling promotional items.

17      9.      Plaintiff performed his Route Driver duties in exemplar fashion up and until
18  he was laid-off under the pretext of company restructuring. Plaintiff's age was Defendant's
19  true motivating reason for terminating Plaintiff's employment. Plaintiff was 66 years old
20  and had dedicated almost 30 years of his life working for Defendant at the time he was
21  unlawfully terminated.

22      10.     Plaintiff is informed and believes that he was the only Route Driver laid-off
23  by Defendant because of "company restructuring."

24      11.     Plaintiff's age was the criteria Defendant used in deciding to subject Plaintiff
25  to a lay off rather than a less tenured and/or qualified employee. Younger employees of
26  Defendant, all who were hired after Plaintiff and did the same job as Plaintiff, remained
27  employed by Defendant after Plaintiff's termination.

28  / / /

1

# FIRST CAUSE OF ACTION

2

## Age Discrimination in Violation of FEHA,

3

## California Government Code Section 12940(a)

4

### (Against Defendant and DOES 1 through 50, Inclusive)

5      12.      The allegations set forth in Paragraphs 1 through 11 are re-alleged and

6  incorporated herein by reference.

7      13.      At all times herein mentioned, the Fair Employment and Housing Act

8  ("FEHA") and California *Government Code* sections 12940(a) were in full force and effect

9  and binding on Defendant and DOES 1 through 50, inclusive. These statutes required

10  Defendant and DOES 1 through 50, inclusive, to refrain from discriminating against any

11  employee on the basis of age.

12      14.      Defendant and DOES 1 through 50, inclusive, intentionally engaged in

13  actions that resulted in Plaintiff, a 66-year-old employee, being treated less favorably than

14  other younger employees.

15      15.      Plaintiff's age was a substantial factor in Defendant's reason for terminating

16  Plaintiff's employment.

17      16.      As a proximate result of Defendant's unlawful discrimination, Plaintiff has

18  sustained and continues to sustain substantial losses in earnings and other employment

19  benefits, in a sum according to proof.

20      17.      As a further proximate result of Defendant's unlawful discrimination, Plaintiff

21  has suffered and continues to suffer humiliation, emotional distress, and physical and

22  mental pain and anguish, all to his damage in a sum according to proof.

23      18.      The aforesaid discriminatory acts directed towards Plaintiff were carried out

24  by Defendant's managerial employees, officers and/or directors, and were committed,

25  directed, and/or ratified by each defendant, with a conscious disregard of Plaintiff's rights

26  and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression,

27  fraud or malice pursuant to California Civil Code section 3294, entitling Plaintiff to punitive

28  damages in a sum which are an amount appropriate to punish and set an example of

-4-

1    Defendant to deter such conduct in the future, and to set an example for others.

2        19.    Plaintiff has incurred and continues to incur legal expenses and attorney

3    fees, in a sum according to proof.

4                        **SECOND CAUSE OF ACTION**

5            **Failure to Prevent Discrimination in Violation of FEHA,**

6                **California Government Code Section 12940(k)**

7            **(Against Defendant and DOES 1 through 50, Inclusive)**

8        20.    Plaintiff incorporates the allegations set forth in paragraphs 1 through 19 as

9    if set forth in full herein.

10        21.    During the period of Plaintiff's employment with Defendant and DOES 1

11    through 50, inclusive, California *Government Code* section 12940(k) was in full force and

12    effect and binding on Defendant and DOES 1 through 50, inclusive.

13        22.    California *Government Code* section 12940(k) imposes an affirmative duty

14    upon employers to take all reasonable steps to prevent discrimination from occurring.

15        23.    Defendant and DOES 1 through 50, inclusive, violated California

16    *Government Code* section 12940(k) by failing to take reasonable steps to prevent Plaintiff

17    from being subjected to discrimination because of his age.

18        24.    The aforementioned unlawful employment practices on the part of

19    Defendant and DOES 1 through 50, inclusive, were a substantial factor in causing

20    damages and injuries to Plaintiff.

21        25.    As a proximate result of Defendant's unlawful employment practices, Plaintiff

22    has sustained and continues to sustain substantial losses in earnings and other

23    employment benefits, in a sum according to proof.

24        26.    As a further proximate result of Defendant's unlawful employment practices,

25    Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical

26    and mental pain and anguish, all to his damage in a sum according to proof.

27        27.    The aforesaid unlawful acts directed towards Plaintiff were carried out by

28    Defendant's managerial employees, officers and/or directors, and were committed,

1  directed, and/or ratified by each defendant, with a conscious disregard of Plaintiff's rights
2  and with the intent to vex, injure, and annoy Plaintiff, such as to constitute oppression,
3  fraud or malice pursuant to California Civil Code section 3294, entitling Plaintiff to punitive
4  damages in a sum which are an amount appropriate to punish and set an example of
5  Defendant to deter such conduct in the future, and to set an example for others.

6      28.    Plaintiff has incurred and continues to incur legal expenses and attorney
7  fees, in a sum according to proof.

8      **WHEREFORE**, Plaintiff prays for judgment against Defendant and DOES 1 through
9  50, inclusive, as follows:

10      1. For general damages according to proof;
11      2. For special damages according to proof;
12      3. For punitive damages;
13      4. For pre-judgment and post-judgment interest on all damages awarded;
14      5. For reasonable attorneys' fees;
15      6. For costs of suit incurred; and
16      7. For such other and further relief as the Court may deem just and proper.

17
18
19  Dated:  November 11, 2020                    KORON & PODOLSKY, LLP
20
                                        By:
21                                           BORIS KORON
22                                           DANIEL J. PODOLSKY
                                             Attorneys for Plaintiff
23                                           CARLOS A. SESTI
24
25
26
27
28

-6-
COMPLAINT FOR DAMAGES

EXHIBIT "1"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

August 20, 2020

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202008-11026521
      Right to Sue: Sesti / DS Services of America, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

August 20, 2020

Carlos Sesti
14352 Autumn Hill Lane
Chino Hills, California 91709

RE:     **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 202008-11026521
        Right to Sue: Sesti / DS Services of America, Inc.

Dear Carlos Sesti,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective August 20, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Carlos Sesti                                         DFEH No. 202008-11026521

                              Complainant,

vs.

DS Services of America, Inc.
2300 Windy Ridge Parkway, Ste 500N
Atlanta, California 30339

                              Respondents

_____

1. Respondent **DS Services of America, Inc.** is an employer subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.

3. Complainant **Carlos Sesti**, resides in the City of **Chino Hills** State of **California.**

4. Complainant alleges that on or about **April 8, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's age (40 and over) and as a result of the discrimination was laid off, denied any employment benefit or privilege, denied work opportunities or assignments.

**Additional Complaint Details:** On or about November 15, 1991, Complainant was hired by Respondent as a Route Driver. As a Route Driver, previously known as a Relief Route Sales Representative, Complainant's duties included delivering water, installing water coolers, and selling promotional items. Complainant continued to perform his Router Driver duties in exemplar fashion up and until he was laid-off under the pretext of company restructuring. Complainant's age, 66, was Respondent's true motivating reason for terminating Complainant's employment. Complainant was the only Route Driver laid-off as a result of this alleged company restructuring. This unlawful termination has caused and continues to cause harm to Complainant.

-1-
*Complaint – DFEH No. 202008-11026521*

Date Filed: August 20, 2020

1  VERIFICATION

2  I, **Boris Koron**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4
   On August 20, 2020, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                          Sherman Oaks, California

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                      -2-
                          *Complaint – DFEH No. 202008-11026521*

28  Date Filed: August 20, 2020

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>12/02/2020<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Barel _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV45994 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Barbara M. Scheper | 30 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 12/02/2020
  (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By M. Barel _____ , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )       FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING    )
FOR CIVIL                        )
                                 )
                                 )
                                 )
                                 )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) **DEFINITIONS**

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

d) **Documents in Related Cases**

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) **Lodgments**

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)  Declarations;

   iii)  Exhibits (including exhibits to declarations);

   iv)  Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)  Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a separate digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.  (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)   Any printed document required pursuant to a Standing or General Order;

   ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv)  Demurrers;

   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)  Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1    11) **SIGNATURES ON ELECTRONIC FILING**

2       For purposes of this General Order, all electronic filings must be in compliance with California

3       Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4       Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED: May 3, 2019                                KEVIN C. BRAZILE

11                                                                         Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          7
FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆Los Angeles County Bar Association Litigation Section◆

◆ Los Angeles County Bar Association
Labor and Employment Law Section◆

◆Consumer Attorneys Association of Los Angeles◆

◆Southern California Defense Counsel◆

◆Association of Business Trial Lawyers◆

◆California Employment Lawyers Association◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  
E-MAIL ADDRESS (Optional):  
ATTORNEY FOR (Name):  
FAX NO. (Optional):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)  
LASC Approved 04/11  
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

     iii.   Be filed within two (2) court days of receipt of the Request; and

     iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____     ➤     _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)

Date: _____

_____     ➤     _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤     _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤     _____
(TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)

Date: _____

_____     ➤     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

_____     ➤     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

_____     ➤     (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at _www.lacourt.org_ under "Civil" and then under "General Information").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                                                      (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at _www.lacourt.org_ under "Civil", click on "General Information", then click on "Voluntary Efficient Litigation Stipulations".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____          _____
(TYPE OR PRINT NAME)               (ATTORNEY FOR PLAINTIFF)

Date: _____

_____          _____
(TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)

Date: _____

_____          _____
(TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)

Date: _____

_____          _____
(TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)

Date: _____

_____          _____
(TYPE OR PRINT NAME)               (ATTORNEY FOR _____)

Date: _____

_____          _____
(TYPE OR PRINT NAME)               (ATTORNEY FOR _____)

_____          _____
(TYPE OR PRINT NAME)               (ATTORNEY FOR _____)

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY

STATE BAR NUMBER

Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
| --- | --- |

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request)

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk s File Stamp |
|---|---|---|

TELEPHONE NO:
E-MAIL ADDRESS (Optional):                    FAX NO (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| | | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

LACIV 075 (new)
LASC Approved 04/11

### STIPULATION AND ORDER -- MOTIONS IN LIMINE

Page 2 of 2

 **Superior Court of California**, County of Los Angeles

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR:

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to arrange mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**

If all parties agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases):

- **ADR Services, Inc.** Case Manager patricia@adrservices.com (310) 201-0010 (Ext. 261)
- **JAMS, Inc.** Senior Case Manager mbinder@jamsadr.com (310) 309-6204
- **Mediation Center of Los Angeles (MCLA)** Program Manager info@mediationLA.org (833) 476-9145
  - Only MCLA provides mediation in person, by phone and by videoconference.

**These organizations cannot accept every case and they may decline cases at their discretion.**
Visit www.lacourt.org/ADR.Res.List for important information and FAQs before contacting them.
NOTE: This program does not accept family law, probate, or small claims cases.

b. **Los Angeles County Dispute Resolution Programs**
https://wdacs.lacounty.gov/programs/drp/
- Small claims, unlawful detainers (evictions) and, at the Spring Street Courthouse, limited civil:
  - Free, day- of- trial mediations at the courthouse. No appointment needed.
  - Free or low-cost mediations before the day of trial.
  - For free or low-cost Online Dispute Resolution (ODR) by phone or computer before the day of trial visit
    http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

c. **Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit  http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit **http://www.lacourt.org/division/civil/CI0047.aspx**

**Los Angeles Superior Court ADR website:** http://www.lacourt.org/division/civil/CI0109.aspx
**For general information and videos about ADR, visit** http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 01/20
For Mandatory Use

2

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
CARLOS A. SESTI

DEFENDANT:
DS SERVICES OF AMERICA, INC.

## NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

12/08/2020

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ B. Byers _____ Deputy

CASE NUMBER:
20STCV45994

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept: |
|---|---|---|
| 05/03/2021 | 8:30 AM | 30 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: __12/08/2020__

_Barbara M. Scheper_

Barbara M. Scheper / Judge
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in _Los Angeles_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Boris Koron, Esq.
18801 Ventura Blvd.
Suite 208
Tarzana, CA 91356

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __12/08/2020__

By _B. Byers_____
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

# EXHIBIT 2

Electronically FILED by Superior Court of California, County of Los Angeles on 02/08/2021 07:43 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Ramos,Deputy Clerk

Case 2:21-cv-01263-MCS-JPR    Document 1-1    Filed 02/11/21    Page 36 of 44    Page
ID #:50

1    SEYFARTH SHAW LLP
     Jamie C. Pollaci (SBN 244659)
2    jpollaci@seyfarth.com
     Eric W. May (SBN 264733)
3    emay@seyfarth.com
     2029 Century Park East, Suite 3500
4    Los Angeles, California 90067-3021
     Telephone:    (310) 277-7200
5    Facsimile:    (310) 201-5219

6    Attorneys for Defendant
     DS SERVICES OF AMERICA, INC.

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       COUNTY OF LOS ANGELES

11

12   CARLOS A. SESTI,                          Case No. 20STCV45994

13              Plaintiff,                      **DEFENDANT DS SERVICES OF
                                                AMERICA, INC.'S ANSWER TO
14        v.                                    PLAINTIFF'S UNVERIFIED
                                                COMPLAINT FOR DAMAGES**
15   DS SERVICES OF AMERICA, INC., a Delaware
     corporation; and DOES 1 through 50, inclusive,   Complaint Filed:   December 2, 2020
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────────
        DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES
67612295v.2

Defendant DS Services of America, Inc. ("Defendant"), by and through its attorneys, Seyfarth Shaw LLP, hereby answers the unverified Complaint For Damages ("Complaint") of Plaintiff Carlos A. Sesti ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in Plaintiff's Complaint, and without limiting the generality of the foregoing, denies that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

## SEPARATE AND ADDITIONAL DEFENSES

In further answer to Plaintiff's Complaint, Defendant alleges the following affirmative and other defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims. Defendant reserves the right to amend this Answer should Defendant later discover facts demonstrating the existence of additional defenses.

## FIRST DEFENSE

### (Failure to State a Claim for Relief—All Causes of Action)

1.      Neither the Complaint as a whole, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action for relief against Defendant.

## SECOND DEFENSE

### (Statute of Limitations—All Causes of Action)

2.      The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, the time limitations set forth in California Code of Civil Procedure Section 338; and Government Code Sections 12940, 12960, and 12965.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

### THIRD DEFENSE

### (Failure to Exhaust Administrative Remedies—All Causes of Action)

3.     To the extent that Plaintiff has failed to meet the administrative prerequisites to suit under the Fair Employment and Housing Act, Government Code Sections 12940, *et seq*., including but not limited to failing to raise in his administrative charge of discrimination all of the claims raised in his Complaint, failing to file charges against Defendant, and failing to bring his administrative charge of discrimination within the time required, his claims are barred.

### FOURTH DEFENSE

### (Contributory Fault—All Causes of Action)

4.     The Complaint, and each purported cause of action contained therein, is barred because Plaintiff's injuries, if any, were legally caused, in whole or in part, by Plaintiff's own negligent or intentional acts or omissions.  Further, as Plaintiff failed to exercise ordinary care on his own behalf, his own acts and omissions proximately caused and contributed to the loss, injury, damage, or detriment alleged by Plaintiff and his recovery from Defendant, if any, should be reduced proportionately to the percentage of Plaintiff's negligence or fault.  Put another way, any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

### FIFTH DEFENSE

### (After-Acquired Evidence—All Causes of Action)

5.     To the extent discovery may disclose information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, by the after-acquired evidence doctrine.

### SIXTH DEFENSE

### (Failure to Mitigate Damages—All Causes of Action)

6.     Plaintiff is barred from recovering any damages on Plaintiff's Complaint (or any purported cause of action alleged therein), or any such recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

67612295v.2

**SEVENTH DEFENSE**

**(Workers' Compensation Act Preemption—All Causes of Action)**

7.      To the extent Plaintiff's Complaint, or any purported cause of action therein, alleges emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, California Labor Code Sections 3200, *et seq*.

**EIGHTH DEFENSE**

**(Failure to Take Advantage of Preventive/Corrective Opportunities—All Causes of Action)**

8.      Plaintiff's recovery on his Complaint, or any purported cause of action therein, is barred on the grounds that Defendant exercised reasonable care to prevent and/or correct any unlawfully discriminatory workplace conduct allegedly experienced by Plaintiff.  Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise, and thus Plaintiff's claims are barred or, alternatively, his relief is limited.  *State Dept. of Health Servs. v. Superior Ct. of Sacramento County (McGinnis)*, 31 Cal. 4th 1026 (2000).

**NINTH DEFENSE**

**(Avoidable Consequences—All Causes of Action)**

9.      Any claim of damages alleged in Plaintiff's Complaint, in whole or in part, is barred by the avoidable consequences doctrine in that Plaintiff unreasonably failed to make use of his employer's practices and/or procedures by failing to timely and properly report any purported unlawful actions and/or omissions alleged in the Complaint.

**TENTH DEFENSE**

**(Legitimate Business Justification/Same Decision/Mixed Motive—All Causes of Action)**

10.      Any monetary recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because, assuming *arguendo* that discriminatory reasons had been a motivating factor in any decisions toward Plaintiff, which Defendant expressly denies, Defendant would have made the same decisions toward Plaintiff in any case for legitimate, non-discriminatory business reasons.  *See Harris v. City of Santa Monica*, 56 Cal. App. 4th 203 (2013).

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

67612295v.2

**ELEVENTH DEFENSE**

**(Ratification—All Causes of Action)**

11.    To the extent Plaintiff ratified, acquiesced in or approved the acts and omissions about which he now complains, his claims are barred.

**TWELFTH DEFENSE**

**(Estoppel—All Causes of Action)**

12.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff is estopped by his own conduct and actions to claim any right to damages or any relief against Defendant.

**THIRTEENTH DEFENSE**

**(Consent and Waiver—All Causes of Action)**

13.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the doctrines of consent and waiver because of Plaintiff's conduct and actions.

**FOURTEENTH DEFENSE**

**(Unclean Hands—All Causes of Action)**

14.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the equitable doctrine of unclean hands because of Plaintiff's conduct and actions.

**FIFTEENTH DEFENSE**

**(Laches—All Causes of Action)**

15.    Plaintiff has delayed unreasonably in the filing of this action, causing prejudice to Defendant, and, thus, Plaintiff's claims are barred by the equitable doctrine of laches.

**SIXTEENTH DEFENSE**

**(Joint and Several Liability—All Causes of Action)**

16.    The liability of Defendant, if any, for the non-economic damages claimed by Plaintiff is limited by Civil Code Section 1431.1, *et seq.*

67612295v.2

**SEVENTEENTH DEFENSE**

**(Good Faith and Reasonableness—All Causes of Action)**

17.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant and its agents acted reasonably and in good faith at all times material herein based on all relevant facts and circumstances known by them at the time they so acted.

**EIGHTEENTH DEFENSE**

**(Privilege/Justification—All Causes of Action)**

18.    Defendant's actions, if any, respecting the subject matters alleged in the Complaint, and the claims for relief asserted therein, were undertaken in good faith, with the absence of malicious intent, and constitute lawful, proper, and justified means to further Defendant's purpose of engaging in and continuing its business.  By reason thereof, Plaintiff is barred, in whole or in part, from recovery on the claims for relief alleged in the Complaint.

**NINETEENTH DEFENSE**

**(Managerial Discretion—All Causes of Action)**

19.    Any and all conduct of which Plaintiff complains and which is attributed to Defendant or Defendant's agents or employees was a just and proper exercise of managerial discretion on the part of Defendant or Defendant's agents or employees, and was undertaken for a fair and honest reason in light of the circumstances existing at all times mentioned in Plaintiff's Complaint.

**TWENTIETH DEFENSE**

**(Outside Scope of Authority—All Causes of Action)**

20.    The Complaint, and each purported cause of action therein, is barred as against Defendant to the extent that the actions of its agents, employees, and representatives, if the actions occurred, were not actions taken within the course and scope of their employment.

**TWENTY-FIRST DEFENSE**

**(Offset—All Causes of Action)**

21.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received

5

from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

## TWENTY-SECOND DEFENSE

### (Punitive Damages Unconstitutional—All Causes of Action)

22.    Although Defendant denies it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including Defendant's rights to: (1) procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California; (2) protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article 1, Section 17 of the Constitution of the State of California; and (3) substantive due process provided by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California.

## TWENTY-THIRD DEFENSE

### (Punitive Damages—All Causes of Action)

23.    Plaintiff may not recover punitive damages for discriminatory conduct, if any, to the extent that such conduct is contrary to Defendant's written policies instituted against wrongful conduct.

## TWENTY-FOURTH DEFENSE

### (Setoff and Recoupment—All Causes of Action)

24.    To the extent Plaintiff is entitled to damages, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments made to Plaintiff and/or all obligations that Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

## TWENTY-FIFTH DEFENSE

### (Duplicate Damages—All Causes of Action)

25.    To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which he seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award he receives here for the same injury.

**TWENTY-SIXTH DEFENSE**

**(At-Will Employment—All Causes of Action)**

26.     Plaintiff's Complaint, and any purported claim for relief alleged therein, is barred because Plaintiff's employment with Defendant was at-will.

**ADDITIONAL DEFENSES**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, unstated affirmative defenses available to it.  Defendant thus reserves the right to assert additional affirmative defenses in the event discovery and further investigation indicate they would be appropriate.

**PRAYER**

Wherefore, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by his Complaint;

2.     That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.     That Defendant be awarded reasonable attorneys' fees according to proof;

4.     That Defendant be awarded the costs of suit herein incurred; and

5.     That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: February 8, 2021                    SEYFARTH SHAW LLP

By: _____
                                           Jamie C. Pollaci
                                           Eric W. May
                                           Attorneys for Defendant
                                           DS SERVICES OF AMERICA, INC.

7

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

67612295v.2

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA                    )
                                       )   SS
3

COUNTY OF                              )

4

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021.  On February 8, 2021, I served the within document(s):

5

6

     DEFENDANT DS SERVICES OF AMERICA, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT FOR DAMAGES

7

8

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

9

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

10

11

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

12

13

☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

14

15

Boris Koron                          Phone:    818-514-1013
Daniel J. Podolsky                   Fax:      818-514-1016
KORDON & PODOLSKY, LLP               Email:    bkoron@koronpodolsky.com
18801 Ventura Blvd., Ste. 208                  dpodolsky@koronpodolsky.com
Tarzana, CA  91356

16

17

*Attorneys for Plaintiff*
CARLOS A. SESTI

18

19

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

20

21

22

     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

23

24

     Executed on February 8, 2021, at Los Angeles, California.

25

26

_____
Rebecca Garner

27

28